# UNITED STATES DISTRICT COURT
# THE SOUTHERN DISTRICT OF FLORIDA

Michelle Hudson

**PLALINTIFF(S)**

vs.

VICI PROPERTIES/ OWNER
HARRAH'S CASINO

**JURY TRIAL DEMAND**

**Defendant(s)**

_____/

# COMPLAINT

1. Plaintiff Michelle Hudson Hale, is a citizen of the U.S., and has been since birth, the Plaintiff currently resides in Miami, Florida.

   MAILING ADDRESS
   18117 BISCAYNE BLVD #1008
   ADVENTURA, FLORIDA  33160
   714 369-0472

2. DEFENDANT
   VICI PROPERTIES / OWNER
   HARRAH'S CASINO
   535 Madison Avenue  20TH FLOOR
   New York, NY 10022

   CASE #  18GLB1296

# I. REASONS FOR STATING CLAIM AS IT PERTAINS TO PREMISES LIABILITY

Nevada Revised Statutes Title 54. Professions, Occupations and Businesses § 651.015. Civil liability of innkeepers for death or injury of person on premises caused by person who is not employee

1. An owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging house is not civilly liable for the death or injury of a patron or other person on the premises caused by another person who is not an employee under the control or supervision of the owner or keeper unless:

(a) The wrongful act which caused the death or injury was foreseeable; and

(b) There is a preponderance of evidence that the owner or keeper did not exercise due care for the safety of the patron or other person on the premises.

2. An owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging house is civilly liable for the death or injury of a patron or other person on the premises caused by another person who is not an employee under the control or supervision of the owner or keeper if:

(a) The wrongful act which caused the death or injury was foreseeable; and

(b) The owner or keeper failed to take reasonable precautions against the foreseeable wrongful act.

The court shall determine as a matter of law whether the wrongful act was foreseeable and whether the owner or keeper had a duty to take reasonable precautions against the foreseeable wrongful act of the person who caused the death or injury.

3. For the purposes of this section, a wrongful act is not foreseeable unless:

(a) The owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or

(b) Prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice or knowledge of those incidents.

## II. CAUSE OF ACTION

This action results from the shoe of the plaintiff being lodged

In a opening of a tear within the carpet which is on the right

Side of the floor in the hall of which one must cross necessary

To get to the room that was reserved for two days.

The Plaintiff has just exited from the elevator and follows the

Bellman and daughter who have the luggage needed for the

Stay. The Plaintiff follows behind both individuals not knowing

The final destination of the room. It is impossible to follow

These individuals directly in front of Plaintiff who experience

No problems walking across the area of which trips the

Plaintiff, and seeing the area that could not be seen from

Behind the two individuals. The plaintiff does not have

Any way to see the danger ahead or consider the thought

That the carpet was torn as there was no sign of danger

Or warning to watch ones step, or to use caution due

To unseen possible danger anywhere at any time.


Both parties being followed by the plaintiff both have shoes that

Enclose the entire foot and experience no difficulty and continued

The course being followed by the Plaintiff but because she had

A shoe with open toes, the bottom of the scandal became lodged

In the opening within the carpet, lodging the shoe there which

Caused the foot to be separated from the shoe, causing the

Plaintiff to stumble and failing from attempts to stop the fall

By loosing complete balance and being thrust forward, causing

The Plaintiff to Fall forward very hard floor.

The shoe had to be removed physically from the area where

It became embedded into the area the front of the sandal

Became embedded under a metal bar put there to be a possible

Partition on the carpet which remained secure under the padding

Of the carpet where it was secured to the floor under the

Padding and under the carpet.

The days to follow there were additional pictures needed and

Pictures show a yellow sign that someone has in an a area

By a elevator close to the accident area.

Had this sign have been posted by the area of the injury

Of the plaintiff, the accident and injury would have been

Avoided.

Because there was a failure to take reasonable precautions and

 Preventing take reasonable precautions against  unforeseeable

Wrongful acts of which the owner or keeper has a duty to

Take reasonable precautions against the foreseeable danger

That can occur when one walking on a damaged carpet wearing

A shoe foot covering of any type,  the Defendant is in violating

Nevada Revised Statutes Title 54. Professions, Occupations and Businesses §

651.015. Civil liability of innkeepers for death or injury of person on premises caused by person who is not employee. Please refer to Breach Of Duty Of Care according to Nevada Supreme Court section 51(2018), (a), (b), (c), and (d).

There was no employee who caused this injury. It is however, the responsibility Of the owner or keeper to keep the premises safe and this was a failure Of responsibility on behalf of owner of the premises at Harrah's Casino, located in Las Vegas, Nevada.

651.015. Civil liability of innkeepers for death or injury of person on premises caused by person who is not employee.

There was no employee who caused this injury. It is however, the responsibility Of the owner or keeper to keep the premises safe and this was a failure Of responsibility on behalf of owner of the premises at Harrah's Casino, located in Las Vegas, Nevada.

## A CLAIM FOR PUNITITIVE DAMAGES BY INCLUDING A PROUCTIONOF DISCOVERY EVIDENCE

## DECLARATORY RELIEF

An actual controversy has arisen and exists between each party concerning the following CLAIM OF LOSS:

## **DECLARATORY RELIEF**

29. Plaintiff incorporates by reference the allegations fully set forth herein.

30. An actual controversy has arisen and exists between each party concerning the following:

    A. Defendants lack of compliance to Statutes and laws governing corporate law.

    B. any and all other issues that may be shown according to proof.

31. The plaintiff requests a trial by jury and all Judicial declarations necessary to enable both parties to ascertain all rights and duties as they pertain to this case.

    The Plaintiff requests that this trial remain open and available for all interested parties to view until this case has concluded.

    WHEREFORE, Plaintiff(s) pray for the following relief:

1. An award of compensatory damages in the amount to be shown according to proof;

2. Declaratory relief as required herein;

3. Attorneys fees and costs to the extent allowed by law;

4. Punitive Damages as it applies to Corporations and acts made by employees, as a Corporate employer, like and individual employer, may be held liable for punitive damages where there is proof of willful and wanton misconduct,

   Reference: Schropp v. Crown Eurocars, Inc., 654 So.2d 1158.

5. Such further and other relief as this court deems just and proper.

6, Such relief for Mental Anguish, Pain Suffering

7. Loss Of Family Member

8. A trial by jury as it applies to Florida Statute 913-

   Case References:

State v. Neil, 457 So. 2d 481 (Fla. 1984); City of Miami v.

Cornett,

   463 So. 2d 399 (Fla. 3DCA 1985).

//

Amendments to this pleading will be made available to this court within the next few weeks regarding Pleadings for any and all claims for relief not stated herein.

# DAMAGES ESTIMATE OF LOSS
# HARRAH'S CASINO DECEMBER 26, 2018

| | |
|---|---|
| INCOME FOR THE YEAR OF 2018 | $500,000.000 |
| LOST WAGES/ ESTIMATE EARNINGS LOST 12/2018-PRESENT | $ 500,000.00 X3 = $ 1 MILLION |
| PERSONAL INJURY ESTIMATE BASES ON THE FOLLOWING: HEAD CONCUSSION MINI STROKE LOSS 100% BODY USE CAPACITY FOR A LIFE EXPECTANCY/ 20 YRS. | $ 7 MILLION |
| MEDICAL COST ESTIMATE | $65,000.00 |
| PAIN/SUFFERING ESTIMATE | $450,000.00 |
| **TOTAL LOSS** | **$8,515,000.00** |

13

_____
**Plaintiff Signature**

**Hereby notarized on this**

____4____ **th day of** ____December____ **2020.**

_____
**Signature of Notary**

**Notary Seal**



RENEE M. LIBER
MY COMMISSION # GG945846
EXPIRES: January 09, 2024

14